**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

NOV 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISIS NIX, | No.   22-55736 |
| Plaintiff-Appellant, | D.C. No.<br>2:20-cv-03860-SHK |
| v. | |
| KILOLO KIJAKAZI, Commissioner of<br>Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Shashi H. Kewalramani, Magistrate Judge, Presiding

Submitted November 8, 2023**
Pasadena, California

Before:  WALLACE, FLETCHER, and OWENS, Circuit Judges.

Plaintiff-Appellant, Isis Nix, appeals from the district court's judgment

affirming the Social Security Administration's determination that she was not

entitled to disability benefits or supplemental income because she was not disabled

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

within the meaning of the Social Security Act of 1935, 42 U.S.C. §§ 416, 423 and 1382c(a)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. Although we review the district court's decision affirming a denial of benefits de novo, we must affirm if the administrative law judge's (ALJ) factual findings were supported by substantial evidence and the ALJ's decision was free from legal error. *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022). We affirm.

1. The ALJ did not err in finding that the position of "Office Helper" existed in significant numbers in the national economy. DOT 239.567-010, 1991 WL 672232 (1991). Speculation about possible technological advancements does not create an obvious or apparent unresolved conflict between a vocational expert's (VE) testimony and the DOT. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); SSR 00-4p, 2000 WL 1898704, at *4 (2000). Nor is an ALJ required to inquire into potential conflicts between a VE's testimony and resources other than the DOT and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109–10 (9th Cir. 2017); SSR 00-4p, 2000 WL 1898704, at *2.

The VE testified that 36,000 "Office Helper" jobs exist nationally. This uncontroverted testimony is reliable, *White v. Kjjakazi*, 44 F.4th 828, 835 (9th Cir. 2022), and qualifies as a "significant" number of jobs "exist[ing] in the national

economy." *See* 42 U.S.C. § 1382c(a)(3)(B); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527–28 (9th Cir. 2014).

2. Nix waived her argument that the ALJ violated SSR 16-3p by improperly evaluating her subjective testimony because she failed to raise it before the district court. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). This court's review of the claim is not necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process when the record shows significant evidence rebutting Nix's subjective testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 500–01 (9th Cir. 2022), citing *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (discussing this court's exceptions to the general rule that issues raised for the first time on appeal are not considered, none of which apply here).

**AFFIRMED**.